IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. 25-cr-20057 TLP

Gregory Luss,

Defendant.

---

SENTENCING MEMORANDUM
AND REQUEST FOR DOWNWARD VARIANCE UNDER 18 U.S.C. § 3553(a)

---

Comes now the Defendant, Gregory Luss, through his attorney, William D. Massey, and respectfully moves this Honorable Court find a downward variance from the Guidelines is appropriate under 18 U.S.C § 3553(a) in order to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing as set out in the statute, as well as the factors for consideration. In support of a downward variance, Mr. Luss respectfully submits the following:

1. Mr. Luss has three criminal history points from cases where he was placed on diversion. All of these cases were dismissed at the completion of the diversionary period, but because he was placed on judicial diversion, which requires a guilty plea but diverts sentencing to a completion date, as opposed to pretrial diversion, which does not require a guilty plea and diverts the case to a completion date, one criminal history point has been assessed for each case. Mr. Luss respectfully submits that which type of diversion is chosen is often up to the prosecutor, who will want a plea entered. This makes his job a lot easier if a violation

of the diversion conditions occurs. The type of diversion imposed is not decided on the merits of the case. Yet, a criminal history point is imposed in Federal Court under the guidelines if a plea is entered even though the case is eventually dismissed. Mr. Luss respectfully submits this results in overstating his criminal history and that his Criminal History Category should be adjusted to a I. Further, the same 3-point assessment prevents him from being a 0 point offender.

2. Mr. Luss is forty-five (45) years old. His parents are still married and live with him at the Bluebird Road address. Mr. Luss enjoyed a good childhood without the wreckage caused by substance abuse or physical abuse. He has a forty-four (44) year old brother who resides in Cordova, Tennessee and describes Mr. Luss as "creative, intelligent, self-motivated, self-driven, he dreams big, hard worker, not close-minded and he thinks outside the box." "… he's motivated not only me but he's motivated to others as well. He's a very positive energy person. He'll make the whole room laugh. He's a good person. I'm not saying that just because he's my brother. That's a testimony. He's a great person. I'd like the Judge to treat him as though [the judge] can see that in [the defendant]." He sees the stress suffered by his brother due to pending charges.

   The character letters provided to the Court confirm the good qualities possessed by Mr. Luss. He has built a business through his hard work and is a "key man" to its functioning. He is a generous man who has quietly donated his time to neighbors in need as well as members of the community in need.

3. One particular good quality possessed by Mr. Luss is his hard-driving work ethic. He has a thriving business by the name RACC (Residential and Commercial Contractors) and

employs teams to construct buildings and houses, as well as maintain the grounds of business and city properties in Memphis and North Mississippi. Counsel has selected photographs of Mr. Luss' projects to show the Court during his presentation and respectfully submits that his work is impressive. Many rely upon him for employment.

4. Mr. Luss is the nucleus of his businesses. He is the only one who has run the businesses, put together and supervised the projects, and dealt with the customer. He is currently engaged in major projects. To be removed from the businesses will cause them to fail and his business to fail. This will result in unemployment for workers he regularly uses and will impair his ability to make payments towards restitution in this case.

For the above reasons and any others that may be presented at sentencing, Mr. Luss moves this Honorable Court for a downward variance that will allow him to continue his business operations and make payments towards restitution. Such a sentence would be sufficient but not greater than necessary under 18 U.S.C. §3553(a).

Respectfully submitted this 16th of September 2026,

*/s/ William D. Massey*
BPR No. 9586

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2026, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.

*/s/ William D. Massey*